United States v. Stans Alone United States v. Stans Alone is our next case for argument. Mr. Bugney. May it please the Court. This case presents a single issue. Does Section 111 demand a common law assault? The circuits are split on that issue, and the tension lies in the text's ambiguities. First, the text uses the undefined term simple assault. Second, and central to this case, the statute outlaws several forms of conduct directed against federal officers, only one of which is an assault. But then it distinguishes between misdemeanors and felonies by reference to the crime of assault. That is, it uses the term assault as both a verb and a noun. Counsel, you're leaping into the merits, but there is a procedural problem. Whether this is the kind of attack on the surface of an indictment that has to be raised before trial under Criminal Rule 12. The district court said yes, it had to be, the point has been waived, and I'm going to reach the merits anyway. But in order to win on an appeal, you've got to prevail on both of those issues, and logically, waiver comes first. Thank you, Your Honor. First, the district court didn't decide waiver. It punted that issue. Secondly, there are two aspects of this case. What we challenged at trial, and that's what went to the merits of it, but then also the secondary argument, which was, how do we interpret this statute and what has to be presented in the indictment? That aspect, the court said, had been waived. And this court, in the Mossoro decision, decided that cotton meant that that had to be raised in Rule 12. That was decided after this case was brought to trial. It was decided eight months after this case was brought to trial. So there's no way the defense could have known this is exactly a Rule 12 attack. At the time, it was an open question. I must say, I don't understand that. The rule is not exactly opaque. It says that any motion that can be made before trial must be made before trial. Your Honor, that goes to a defect, and the indictment was an open question at that time. There was a split between the Fifth and Tenth Circuits. Now, whether or not the indictment is faulty doesn't go to the matter of what proof the government had to present. That's the substantive issue, and that goes to right to what the fact finder had to find. Did the fact finder have to find an assault? That puts aside completely the question of what the indictment had to charge. The indictment, we agree. The indictment only had to say forcible, resist, oppose. But what did the government have to prove? It had to prove that the forcible resistance, the opposition, the hindrance, all of those constitute an assault. We can't waive what the government has to prove, and we argued that throughout the case. That was argued at the trial. It was the focus of the cross-examination. It was argued to the judge at Rule 29 and in closing arguments, and the judge decided it. Those are the kinds of aspects where you can't say waiver. Waiver is something that we've intentionally relinquished. It's something that we've given up. And here, we didn't give up anything. We forced the issue to the judge, and the judge himself finds, hey, I don't think it's proven beyond a reasonable doubt that Standalone intended to assault Ms. Decker. And that was an open question. She had given four different statements, and in the first three she had said the hose was pointed downward, and we had testimony that this was an accident. If that was, there are no accidental assaults. So the question before this court is queued up. If the district court decides that issue, there is no waiver of that issue. Now, I agree, I did make that fundamental attack on the indictment, but that's separate from what the judge had to find and what the judge would have had to charge a jury. And since we argued it, since it was decided, there can be no waiver. In addition, Your Honor, I'll get to the circuit split. This court is not writing on a clean slate. This court has the benefit of Valerie. If this court follows Valerie, then it has to look at the fact that we have, one, that assault is being used as a noun and a verb. That simple assault is really what's going to make the demarcation between what is charged and what is not charged. And what is going to be a felony and how we understand the statute. Mr. Bussing, can I tell you what confuses me about your merits position and you can clarify my confusion? Yes, Your Honor. Here's what has me confused. Your client was convicted under the and received an enhanced penalty, correct, under B? Correct. Okay. The confusion in the circuits and in the law and the struggles to interpret this statute, to my mind, in looking at the cases, have largely surrounded A, 111A, not B. And the reason is because it's in 111A, in particular in the shall paragraph, where confusion can enter the picture as an interpretive matter. But we can skip the shall paragraph here altogether, right? We can go from A1, and you know the statute, you can follow what I'm saying. We can go from A1 into B and we can avoid the thicket on assault. Why is that wrong in your view? Because B builds on A. Oh, sure, in the sense of in the commission of the acts described in subsection A, right? Of course it does. It necessarily does. But the acts described in subsection A, that language, to my mind, doesn't tug us into the shall paragraph. I think it does in that the shall paragraph tells you exactly what an A has to be, what the resistance, what the opposition has to be. Why not read the shall paragraph as a penalty paragraph? And that goes to the Jones, the Supreme Court's Jones decision. That's setting out the different elements. We now have three separate offenses. So it's not just a penalty aspect that, you know, we're going to have this as an apprendee issue. This goes to how we understand the crime. Yeah, but your client's charged under B. Correct, Your Honor. So I don't see, I guess I have a hard time. You understand the question. I don't need to repeat it. I just have a hard time understanding why we have to untangle the not in the shall paragraph in this case. It's because if you don't allow for an assault to be part of the A, if A doesn't demand an assault, then I lose, right? If A demands an assault, then necessarily B demands an assault as well. And B demands an assault in that that assault is done with a dangerous weapon. It'd be difficult. Think about it this way, Your Honor, in the Chapman case, and you cited that the guy's just standing there as tense as can be, and he's got a deadly weapon in his hand, let's say a baton, a pipe. But he's not doing anything. There's no assault there, but he has that there. It would be strange that that would not qualify as a misdemeanor to be an assault, but because he has a dangerous weapon there, and we all agree that he resisted, that that would be enough to convict under B1 or under B. And that's where the daylight is between this, and that's where the daylight is with Stansalone and why the district court found that. There's no question he has the fire extinguisher. There's no question that he's resisting. The question is whether he's trying to assault the officer. And here Decker says she was intimidated but never says I feared for my safety. It never says, hey, I really thought that this guy was going to go crazy and hit me with it. And also he doesn't intend to assault her. The spray goes off in response to it coming into his eyes. And that's what the judge says. Hey, I can't find this beyond a reasonable doubt. So that's where that daylight is, Your Honor. If B doesn't demand that assault in A, then you have the absurdity of Chapman being able to be convicted of a 20-year felony that couldn't even go down on misdemeanor. Your Honor, I would reserve the rest of my time unless there are any questions. Certainly, counsel. Thank you. Please, the court. Thank you. Please, the court. This court should decline review of the issue that defense now raises. The defense is now raising the issue that assault is required as an element under 18 U.S.C. 111 because that issue was waived at the district court level, not only in the ex parte filing, the defense filed before trial, but also at the close of trial and also in the post-trial briefings when the defendant affirmatively stated he was not stating assault had to be an element, but merely alleging the maximum penalty, if assault was not alleged, was an infraction. The defendant conceded you could have a conviction under 18 U.S.C. 111 without assault. He just said it had to be an infraction. Even if the court does review this issue that the defendant now raises that assault is an element, it should be reviewed for plain error, and even if the court reviews this de novo that while the government does not believe that assault should be an element of 18 U.S.C. 111, even if it was, this court should affirm the conviction under the district court's rulings. As far as the waiver argument, in docket number 52 in ex parte filing, the defendant said this should be clear. The defense is not claiming the indictment does not state an offense. Rather, the indictment charges an infraction. Thereby, the defendant is saying there is a crime charged here. He is not saying assault is necessary. Also, in the defendant's reply brief, which is docket number 60, the defendant stated, I am simply pointing out the government is limited to what the grand jury charges, which is an infraction. So at no point did the defendant say assault needs to be an element. In fact, he said, I'm not arguing that. That is an affirmative waiver. And even if this court does review this issue, I'd like to go over what the district court actually did find. The defense brief, just to make this clear, the defense brief stated that the district court found that there was no assault, and the government disputed that. If you look at what Judge Peterson and the district court actually found, what Judge Peterson held was that Standalone did not intentionally spray Decker. However, the intentional spraying is not required for an assault. Everyone here agrees common law assault, simple assault, includes a threat to inflict injury when coupled with the apparent present ability, causes a reasonable fear of bodily harm. So it's that intentional willful threat. And the district court found that Standalone did intentionally threaten the officer in this case. He didn't intentionally spray, but the district court found that that's of no moment. The district court found that the intentional threat, when coupled with the apparent present ability, caused Decker a reasonable fear of bodily harm, and in fact she did suffer bodily harm. So the government puts forth that Judge Peterson didn't actually find that there was no assault. And under all the facts he found, even if you review this de novo, there is an assault because of that willful threat. If the court has no further questions, I'd be happy to expound on any of our arguments. But if the court has no further questions, the government asks that the court not take up the issue because it was waived, or affirm the conviction and judgment. Thank you. Thank you, Counsel. Anything further? Mr. Bugney? Yes, Your Honor. I would point out that most of the quotes that the government has are taken out of context. The quotes at Central are what we argued at the Rule 29 saying, Judge, you have the ability to say guilty or not guilty. But was this found beyond a reasonable doubt? Was this assault? The question is whether it was raised. It was raised. It was decided upon. That issue cannot be waived. The fact that we have other arguments, especially when it came to what the penalty structure would have to be based on essential elements, doesn't affect what the district court had to decide and what it did decide. This argument is not waived. When it comes to the more foundational question about what this court has to decide, there was no assault found by the district court judge. The district court found resistance, and he found that it was intimidating, and he found that it was forcible. But he didn't find that it was an assault. And that, Your Honor, is what he had to find. It was an essential element of the offense. And it's a perverse holding that if Wolfe named, that in the Tenth Circuit, that he would be able to be free and hear that this would be a conviction. I would also note, Your Honor, that everything else that the defense has argued throughout this case is the same as what this court is now presented with. Those briefings went right to what the judge had to decide. It was the cued-up issue, and it was the entire issue upon which the trial was based on, whether or not this was an assault. This is not a case where waivers should be found. This is a case where the court should address the merits and should decide that an assault consistent with Valerie is an essential element. Thank you. Thank you, counsel. The case is taken under advisement.